IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GLORIA REYES-FERRER

    Plaintiff

          v.

CENTENNIAL PUERTO RICO COMMUNICATION CORP., ANGELA RAMOS; JOSE SANTOS, IVAN SOMAVILLA

    Defendants

Civil No. 09-1493 (SEC)

**OPINION and ORDER**

On June 17, 2010, Defendants filed a motion to compel Dr. Haydee Santiago Lugo, M.D. to appear at deposition. According to Defendants, Dr. Santiago's deposition was initially set for May 18, 2010 but was rescheduled on two occasions. Finally, on the morning of June 9, 2010, the date of the scheduled deposition, Dr. Santiago sent Defendants an invoice of her professional fees. Defendants informed Dr. Santiago that insofar as she was testifying as a treating physician, she would receive the applicable $40.00 appearance fee and a mileage rate of $.50 per traveled mile. Dr. Santiago allegedly objected to Defendants' classification of her as a "treating physician" and not an expert witness, and her counsel informed Defendants that she would not attend the deposition. As previously advised, on June 14, 2010, Dr. Santiago's counsel sent a letter to Defendants stating that the deposition would be too burdensome, and that his client would only appear if Defendants agreed to pay her $250.00 per hour plus one hour of travel time.

This Court first notes that Dr. Santiago's deposition is not overly burdensome, cumulative or duplicative under Fed. R. Civ. P. 26(b)(2)(C), especially considering that she will testify at trial about the treatment provided to Plaintiff. As to Dr. Santiago's argument that the fees allowed pursuant to 28 U.S.C. § 1821(a)(1) are not "exclusive of all other reasonable fees," as Defendants

**CIVIL NO. 09-1493 (SEC)**                                                                                      Page 2

correctly point out, there is no case law to support said conclusion. Albeit this Court recognizes that some districts have held that "requiring physicians to curtail their usually lucrative practice, for the purpose of providing testimony at the laughable statutory rate, flies in the face of sound public policy," others question "the logic where a physician, who is specifically not designated as an expert witness, may benefit from the 'reasonable fees' provision of Rule 26(b) where any other citizen, whether professional or laborer, may not." McDermott v. FedEx Ground Sys., 247 F.R.D. 58, 60 (D. Mass. 2007). A logical explanation is yet to be provided by the courts as to why physicians should be afforded special treatment in this arena, and no other class of professional is granted the same leeway.

As McDermott points out, there is a clear split among the district courts on this front, and neither this district or the First Circuit have issued a decision on this matter. However, as in McDermott, we decline "to set precedent in this jurisdiction that, essentially, singles out physicians for special treatment. . . . If Congress wishes to single out certain professions for higher compensation, that is certainly its prerogative, but this Court declines to enter that arena, which is, essentially, a slippery slope." McDermott, 247 F.R.D. at 61 (citing Demar v. U.S., 199 F.R.D. 617, 619- 20 (N.D. Ill. 2001).

Accordingly, Defendants' motion to compel Dr. Santiago's appearance for deposition is **GRANTED**, and Dr. Santiago's motion for protective order is **DENIED**. In light of the foregoing, **Discovery** is extended until **July 30, 2010.** As such, the parties shall promptly schedule Dr. Santiago's deposition.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of July, 2010.

*S/ Salvador E. Casellas*

SALVADOR E. CASELLAS

**CIVIL NO. 09-1493 (SEC)**                                                              **Page 3**

United States District Judge